IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

**JOHN STALLINGS**

vs.                                                 CIVIL ACTION _____
                                                    JURY REQUESTED

**CONCORD HEALTHCARE GROUP, LLC
D/B/A GARDENDALE REHABILITATION
AND NURSING CENTER**

PLAINTIFF'S COMPLAINT

NOW COMES JOHN STALLINGS, Plaintiff, and files this, his Original Complaint complaining of CONCORD HEALTHCARE GROUP, LLC D/B/A GARDENDALE REHABILITATION AND NURSING CENTER Defendant, and in support thereof respectfully show this Court as follows:

**NATURE OF THE CLAIM**

1. This an action in part under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621 et seq. against the defendant, Concord Healthcare Group, LLC d/b/a Gardendale Rehabilitation and Nursing Center. Plaintiff alleges that Defendant, Concord Healthcare Group, LLC d/b/a Gardendale Rehabilitation and Nursing Center (hereafter "Defendant"), violated the Age Discrimination Employment act by failing to promote and transfer Plaintiff to a more convenient shift with the defendant because of his age.

2. The plaintiff is an qualified employee who has been denied employment including wages and benefits due him because of the disparate impact and treatment caused by Defendant's age discriminatory practices.

3. Plaintiff brings this cause of action to vindicate his rights. Plaintiff seeks the full measure of

available relief, including declaratory, equitable, compensatory and punitive remedies, as well as statutory attorney's fees and costs.

4. Plaintiff also brings this in part for violations of the Fair Labor Standards Act, in that Defendant has failed to pay Plaintiff and others similarly situated for continuous workday activities which are integral and indispensable to their principal activities. For himself the named Plaintiff seeks his unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. Jurisdiction is conferred on this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28 U.S.C. § 1337

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) inasmuch as the defendant has offices, conducts business, and can be found in the Eastern District of Texas, and the cause of this action has arisen and occurred, in whole or in part, in the Eastern District of Texas.

## III. PARTIES

7. Plaintiff JOHN STALLINGS is an adult citizen who resides in the Eastern District of Texas. He is an employee of the defendant, located in Jacksonville, Cherokee County, Texas.

8. Defendant., CONCORD HEALTHCARE GROUP, LLC D/B/A GARDENDALE REHABILITATION AND NURSING CENTER is a limited liability company doing business in the State of Texas. Defendant CONCORD HEALTHCARE GROUP, LLC D/B/A GARDENDALE REHABILITATION AND NURSING CENTER does business in the Eastern District of Texas and can be served through its registered agent, Vcorp Services, LLC, 9427 Glenfield Court, Houston, Texas 77096.

IV.

## PROCEDURAL REQUIREMENTS

9. Paragraphs 1-7 above are incorporated herein by reference.

10. Plaintiff has filed timely complaints with the Equal Employment Opportunity Commission ("EEOC"). On or about February 3, 2017, the EEOC issued Plaintiff's Notice of Right to Sue letters and terminated its investigation of Plaintiffs's claims. Plaintiff has therefore satisfied all prerequisites to suit, and there remain no unfulfilled exhaustion requirements.

## V. STATEMENT OF THE CLAIM

11. Plaintiff began his employment with the defendant on or about October 24, 2006.

12. Plaintiff was working the double weekend shift with hours being from on or about 6 a.m. to 9 p.m. on both Saturday and Sunday.

13. On or about August of 2015, Plaintiff applied for an open position that would allow Plaintiff a full time position, to work Monday through Friday at the facility where Plaintiff was employed. The position being a Certified Medication Aide, for which Plaintiff was highly qualified.

14. Plaintiff had discussed this position with, Tasha Baggett, the assistant director of nurses at the facility, who agreed that plaintiff had the seniority and was highly qualified for the position.

15. On or about October 17, 2015, the position that Plaintiff had attempted to obtain was awarded to Hailey Welch, who was about 20 years of age, by the administrator Debra Thomason. Plaintiff had previously trained Ms. Welch in her job duties.

16. Defendant, CONCORD HEALTHCARE GROUP, LLC D/B/A GARDENDALE REHABILITATION AND NURSING CENTER is an employer and enterprise as those terms are defined by the FLSA.

17. At all times relevant hereto, Defendant has been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

18. At all times relevant hereto, Defendant has been an employer subject to the wage and hour provisions of the FLSA.

19. Defendant has repeatedly and willfully violated, and continues to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff and others for all overtime hours worked. Plaintiff worked through his lunch hour and break periods for defendant, with the knowledge of Defendant, for which Plaintiff was not paid wages. Due to the extremely heavy workload placed on Plaintiff and others by the Defendant, plaintiff was often required to work through his lunch hour and break period; however, a lunch period and break period was automatically deducted from the wages of Plaintiff.

20. Plaintiff was employed in a position which is not exempt from the requirement that he be compensated for his hours of work by the payment of straight time and overtime. Defendant has repeatedly and consistently failed to pay Plaintiff and others for working through his lunch hour, and break period, which was deducted from the wages of Plaintiff

21. The payments are not proper and do include any pay for which Plaintiff worked through his lunch period and break period.

22. The evidence at trial will show that Plaintiff and others were not paid for all hours worked.

23. Plaintiff believes, and there, allege that the failure of defendant to pay straight time and overtime to Plaintiff was intentional.

24. The result of the foregoing employment practice was to deprive Plaintiff of equal employment opportunities because of his age.

25. As a result of defendant's acts or omissions, Plaintiff has been damaged in that he has lost wages and fringe benefits in the past and will, in reasonable probability suffer a loss of future earnings and benefits. Plaintiff has also suffered mental anguish in the past and will, in reasonable probability, suffer mental anguish in the future.

26. Plaintiff would further show that Defendant acted intentionally, maliciously and/or with reckless indifference to the state-protected rights of Plaintiff in discriminating against him and that as a result he is entitled to recover exemplary and/or punitive damages. Plaintiff believes that exemplary and/or punitive damages in the sum of $250,000.00 would be sufficient to prevent this type of conduct in the future by Defendant and to set an example to others contemplating such conduct.

## DAMAGES

27. Plaintiff would show the court that he has suffered actual damages for lost back wages, insurance benefits, lost future wages, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life as a direct result of Defendant's discriminatory employment practices described above.

28. Plaintiff would further show the court that he is entitled to recover punitive damages for Defendant's discriminatory employment practices described above which were intentional and malicious acts.

29. Plaintiff is entitled to recover him   reasonable and necessary attorney's fees pursuant to 42 U.S.C. 2000e-5(k).

**ATTORNEY FEES**

30. It was necessary for the plaintiff to retain the undersigned attorneys to represent him in prosecution of this suit, plaintiff seek and pray for all reasonable and necessary attorneys' fees and costs of suit in this case which include the following:

(a) Preparation and trial of this lawsuit; and

(b) Post-trial, pre-appeal legal services; and

(c) An appeal to the 5th Circuit Court of Appeals; and

(d) An appeal to the United States Supreme Court in the event that an appeal is necessary; and

(e) Post-judgment discovery and collection in the event execution on the judgment is necessary.

PRAYER FOR RELIEF

31. WHEREFORE, Plaintiff respectfully request that this court grant the following relief:

(a) Enter declaratory judgment against Defendant and in favor of Plaintiff recognizing that Defendant has violated Plaintiff's rights.

(b) Render and enter a judgment that the acts and practices of Defendant complained of herein are in violation of the laws of the United States and the State of Texas;

(c) Award Plaintiff any past lost wages, including lost fringe benefits and back pay, including, without limitation, any lost benefits that would have otherwise, which resulted from the illegal discrimination;

(d) Award Plaintiff any future lost wages, including lost fringe benefits and future pay, including, without limitation, any future benefits that would have otherwise occurred, had it not been for the illegal discrimination;

(e) Award Plaintiff compensatory and punitive damages;

(f) Award Plaintiff the costs of this action, including the fees and costs of experts, together with

reasonable attorneys' fees;

(g) Grant an order restraining Defendant from any retaliation against Plaintiff for participating in any manner in this litigation;

(h) Grant an order that the Defendant to pay the Plaintiff compensation due as a result of Defendant's violation of the FLSA;

(i) Grant an order that Defendant to pay the Plaintiff liquidated damages;

(j) Granting injunctive relief by ordering Defendant to comply with the requirements of the FSLA.

(k) Grant Plaintiff such other and further relief as this court finds necessary and proper.

Respectfully submitted,
   /s/Bob Whitehurst
Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
State Bar #21358100